UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------X
JOSEPH ROUSE,

               Plaintiff,

      -against-

PLACITA OXAQUENA CORP.,

               Defendant.

--------------------------------------------------X

REPORT AND
<u>RECOMMENDATION</u>
24 CV 8289 (ENV)(RML)

LEVY, United States Magistrate Judge:

        By order dated April 3, 2025, the Honorable Eric N. Vitaliano, United States

District Judge, referred plaintiff's motion for default judgment to me for report and

recommendation.  For the reasons stated below, I respectfully recommend that plaintiff's motion

be granted in part and denied in part.

**BACKGROUND[1]**

        Plaintiff Joseph Rouse ("plaintiff") initiated this action against defendant Placita

Oxaquena Corp. ("defendant"), alleging violations of the public accessibility requirements of

Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12181, *et seq*. and seeking

injunctive relief and attorney's fees.  (<u>See generally</u> Complaint, filed Dec. 2, 2024 ("Compl."),

Dkt. No. 1.)  Plaintiff resides in Brooklyn and uses a wheelchair due to a spinal cord injury.  (<u>Id.</u>

¶ 2.)  Defendant is a New York corporation and the lessee and operator of the business known as

La Placita Oaxaquena located at 709 Myrtle Avenue, Brooklyn, New York (the "establishment").

(<u>Id.</u> ¶ 3.)  Plaintiff tried to visit the establishment "around late February 2024" and again on or

---

[1] The following facts are taken from the complaint.  (Complaint, filed Dec. 2, 2024 ("Compl."), Dkt. No. 1.)  I assume the truth of the facts and well-pleaded allegations for the purposes of this motion.

about October 1, 2024.  (Id. ¶ 4.)  On both occasions, plaintiff encountered "structural barriers," including "a rough step preceding the front entrance embedded with an overhanging lip and uneven surface," which were "unnavigable for [p]laintiff's wheelchair."  (Id.)  Plaintiff claims that these structural barriers prevented him from accessing the establishment and availing himself of its goods and services.  (Id. ¶¶ 4–5.)  Plaintiff lives "only several miles" from the establishment and passes by it "at least once per week when he is doing errands, visiting family and friends throughout the borough, and looking to eat out."  (Id. ¶ 6.)  He says he has "dined . . . in nearly all of the neighboring restaurants" accessible to him, and "affirms that he would dine at the [establishment] and avail himself of [its] goods and services . . . were it not for the structural barriers inhibiting his ability to" access it.  (Id.)

Plaintiff filed the complaint on December 2, 2024 and served defendant through the New York Secretary of State on December 6, 2024.  (Affidavit of Service of Mark McCloskey, sworn to Dec. 6, 2024, Dkt. No. 6.)  On March 11, 2025, the Clerk of the Court certified defendant's default for failure to appear or otherwise defend against this action. (Certificate of Default, dated Mar. 11, 2025, Dkt. No. 9.)  On April 1, 2025, plaintiff filed the instant motion for default judgment.  (Motion for Default Judgment, dated Apr. 1, 2025 ("Pl.'s Mot."), Dkt. No. 10; Memorandum of Law in Support of Motion for Default Judgment, dated Apr. 1, 2025 ("Pl.'s Mem."), Dkt. No. 11.)  To date, defendant has not appeared, answered or otherwise responded to the complaint or the motion for default judgment.

## LEGAL STANDARD

Federal Rule of Civil Procedure 55 "provides a two-step process for obtaining default judgment."  Priestley v. Headminder, Inc., 647 F.3d 497, 504 (2d Cir. 2011).  First, where a party's failure to respond is "shown by affidavit or otherwise, the clerk must enter the party's

default." FED. R. CIV. P. 55(a).  Second, the plaintiff must petition the court for an entry of

default judgment pursuant to Rule 55(b)(2).  See Priestley, 647 F.3d at 505.  Plaintiff has

satisfied these requirements.  (See Certificate of Default; Pl.'s Mot.; Pl.'s Mem.)

   In deciding a motion for default judgment, a court accepts as true the complaint's

well-pleaded factual allegations, except those relating to damages.  Greyhound Exhibitgroup,

Inc. v. E.L.U.L. Realty Corp., 973 F.2d 155, 158 (2d Cir. 1992).  "The plaintiff bears the burden

of alleging 'specific facts,' rather than 'mere labels and conclusions' or a 'formulaic recitation of

the elements,' so that a court may infer a defendant's liability."  Dunston v. Babushka LLC, No.

24 CV 2969, 2024 WL 5164694, at *3 (E.D.N.Y. Dec. 19, 2024) (quoting Cardoza v. Mango

King Farmers Mkt. Corp., No. 14 CV 3314, 2015 WL 5561033, at *3 (E.D.N.Y. Sept. 1, 2015),

report and recommendation adopted, 2015 WL 5561180 (E.D.N.Y. Sept. 21, 2015)).

DISCUSSION

**I. Standing**

   Standing is "a threshold matter of justiciability."  Tavarez v. Moo Organic

Chocolates, LLC, 623 F. Supp. 3d 365, 370 (S.D.N.Y. 2022).  If a plaintiff lacks standing, then

the court must dismiss his claim for lack of subject matter jurisdiction.  See Cent. States Se. &

Sw. Areas Health & Welfare Fund v. Merck-Medco Managed Care, L.L.C., 433 F.3d 181, 198

(2d Cir. 2005).  In the ADA context, the Second Circuit has found that a plaintiff seeking

injunctive relief has standing if (1) the plaintiff alleges past injury under the ADA; (2) it is

reasonable to infer that the discriminatory treatment will continue; and (3) it is reasonable to

infer, based on the past frequency of plaintiff's visits and the proximity of defendant's business

to plaintiff's home, that plaintiff intends to return to the subject location.  See Calcano v.

Swarovski N. Am. Ltd., 36 F.4th 68, 74 (2d Cir. 2022).

3

I find that plaintiff has standing under the ADA. First, plaintiff alleges that on two separate occasions he was unable to enter the establishment due to the step and lack of ramp. (Compl. ¶¶ 4, 9.) This is sufficient to satisfy the first requirement of past injury. See Kreisler v. Second Ave. Diner Corp., 731 F.3d 184, 188 (2d Cir. 2013) (finding past injury where a seven to eight-inch step deterred plaintiff from entering defendant's diner); Norman v. Three in One Equities, LLC, No. 22 CV 3173, 2024 WL 488181, at *5 (S.D.N.Y. Feb. 8, 2024), report and recommendation adopted, 2024 WL 967175 (S.D.N.Y. Mar. 6, 2024) (finding past injury where plaintiff alleged that the wheelchair-inaccessible entrance deterred her from entering defendant's deli); Gannon v. 124 E. 40th St. LLC, No. 22 CV 361, 2024 WL 4107746, at *2 (S.D.N.Y. Sept. 6, 2024) (finding past injury where plaintiff alleged that "on a specific date, [he] was unable to enter the Property due to the step and lack of ramp").

As to the second requirement, plaintiff alleges a detailed list of ADA violations at the establishment. (Compl. ¶ 15.) "Where defendants choose not to challenge plaintiff['s] allegations of ADA violations by defaulting, and where plaintiff alleges several architectural violations, it is reasonable to infer that, absent a court order requiring remediation, the barriers will remain and thus that the discriminatory treatment will continue." Pierre v. Smith St. Bagels Inc., No. 23 CV 7901, 2025 WL 2371077, at *5 (E.D.N.Y. July 3, 2025), report and recommendation adopted sub nom. Pierre v. Smith St. Bagel Inc., 2025 WL 2371020 (E.D.N.Y. Aug. 14, 2025) (internal quotation marks and citation omitted).

Third, plaintiff alleges specific facts to show a plausible intent to return to the establishment but for the access barriers. Specifically, plaintiff alleges that he passes by the establishment at least once per week; that he has dined "in nearly all of the neighboring restaurants" that are accessible to him; and "that he would dine at the [establishment] . . . were it

4

not for the structural barriers inhibiting his ability to" access it.  (Compl. ¶¶ 6, 7.)  These

allegations are sufficient to satisfy the third requirement for standing under the ADA.  See

Kreisler, 731 F.3d at 188 (finding intent to return requirement established based on plaintiff's

testimony that he "frequents diners in his neighborhood often," lives within several blocks of

defendant's diner, and "would like to frequent the [d]iner if he were able to access it"); Norman,

2024 WL 488181, at *5 (finding intent to return requirement satisfied based on allegations that

plaintiff "lives less than six blocks from the deli" and intends to return "once it becomes readily

accessible"); Adams v. 8618-8620 Third Ave. Realty Corp., No. 22 CV 5722, 2023 WL

5279355, at *3 (E.D.N.Y. July 28, 2023), report and recommendation adopted, 2023 WL

5278483 (E.D.N.Y. Aug. 16, 2023) (finding intent to return element satisfied because "plaintiff

resides less than six miles from the Facility, passes the Facility at least once per week, dines in

the neighborhood several times per month, and alleged that he plans to return to the Facility").

## II.     Liability

Title III of the ADA prohibits discrimination against individuals "on the basis of

disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages,

or accommodations of any place or public accommodation by any person who owns, leases (or

leases to), or operates a place of public accommodation."  42 U.S.C. § 12182(a).  A Title III

claim therefore requires that a plaintiff establish that (1) he is disabled within the meaning of the

ADA; (2) that the defendant owns, leases, or operates a place of public accommodation; and (3)

that the defendant discriminated against the plaintiff within the meaning of the ADA.  Roberts v.

Royal Atl. Corp., 542 F.3d 363, 368 (2d Cir. 2008).

First, plaintiff has demonstrated that he is disabled within the meaning of the

ADA.  The ADA defines a statutorily protected disability as "a physical or mental impairment

that substantially limits one or more major life activities of an individual," and specifically lists "walking" as a major life activity.  42 U.S.C. § 12102.  Because plaintiff has paraplegia and uses a wheelchair, (Compl. ¶ 2), plaintiff is a statutorily protected person with a disability.  See Volman v. Peri Peri 2 LLC, No. 21 CV 4449, 2022 WL 21842356, at *4 (E.D.N.Y. Aug. 16, 2022) ("Since Plaintiff is bound to ambulate in a wheelchair and suffers from medical conditions that inhibit walking and restrict body motion, Plaintiff is clearly a disabled individual under the ADA." (internal quotation marks and citations omitted)).

Second, plaintiff has shown that the establishment falls within the scope of the ADA as a place of public accommodation.  The ADA defines public accommodation to include "a restaurant, bar, or other establishment serving food or drink[.]"  42 U.S.C. § 12181(7)(B).  Plaintiff describes the establishment as a "public accommodation and service establishment," (Compl. ¶¶ 7, 8), and the court can infer from other allegations in the complaint that it is a restaurant (id. ¶ 15(viii) (referring to dining tables)).  Accordingly, the establishment is a public accommodation subject to the ADA.  See Adams, 2023 WL 5279355, at *4.

Third, plaintiff has adequately alleged that he was discriminated against within the meaning of the ADA.  Discrimination under the ADA includes "a failure to remove architectural barriers . . . that are structural in nature, in existing facilities . . . where such removal is readily achievable."  42 U.S.C. § 12182(b)(2)(A)(iv).  The ADA defines "readily achievable" as "easily accomplishable and able to be carried out without much difficulty or expense."  42 U.S.C. § 12181(9).  "[T]he plaintiff bears the initial burden of demonstrating that the removal of an architectural barrier is readily achievable."  Range v. 230 W. 41st St. LLC, No. 17 CV 149, 2020 WL 3034800, at *5 (S.D.N.Y. June 5, 2020).  "Further, a plaintiff can establish discrimination in violation of the ADA by showing that the defendant violated the applicable

6

accessibility standards set forth in the ADA Accessibility Guidelines ('ADAAG')." Hashimi v. Conandy Realty LLC, No. 23 CV 2300, 2024 WL 1006833, at *5 (E.D.N.Y. Mar. 8, 2024) (citation omitted). Here, plaintiff alleges that the architectural barriers violated the ADAAG and denied him access to the establishment and the ability to avail himself of its goods and services. (Compl. ¶¶ 11, 14, 15.) Plaintiff further alleges, and the court accepts as true, that defendant has failed to remove architectural barriers where such removal "is readily achievable and can be accomplished and carried out without much difficulty or expense." (Id. ¶ 18.) I therefore find that plaintiff's allegations are sufficient to establish that he has been discriminated against within the meaning of the ADA. See Hashimi, 2024 WL 1006833, at *5 (accepting as true plaintiff's allegations that defendant's property did not comply with ADAAG provisions and the removal of barriers was readily achievable, and thus finding defendant liable under the ADA); Adams, 2023 WL 5279355, at *4 (same); Dunston v. Spice of India Inc., No. 20 CV 493, 2022 WL 994502, at *5 (E.D.N.Y. Feb. 14, 2022) (same).

### III.  Damages

Plaintiff seeks injunctive relief and requests 180 days after the entry of default to seek attorney's fees and costs. (See Pl.'s Mot. ¶¶ 7, 8; see also Pl.'s Mem. at 5–6.)[2]

### A.    Injunctive Relief

Plaintiff is entitled to injunctive relief upon defendant's default where plaintiff has "cited to the particular ADA regulation[s] requiring compliance" and alleged that defendant

---

[2]  Plaintiff states that "[d]espite the fact that the [New York State Human Rights Law] provides for monetary compensation, Plaintiff is not seeking monetary relief from the damages." (Pl.'s Mot. ¶ 7; Pl.'s Mem. at 5.) However, plaintiff is not entitled to monetary damages under state law as the complaint seeks only injunctive relief pursuant to the ADA and the ADAAG. (See Compl. at 1; see also id. ¶ 1 (pleading federal question jurisdiction "for Plaintiff's claims arising under 42 U.S.C. § 12181 et seq., based upon Defendant's violations of Title III of the ADA").)

has "failed to comply with those provisions where such compliance is readily achievable."
Pierre, 2025 WL 2371077, at *7. Plaintiff's request that defendant remove all architectural barriers within ninety days, however, is unreasonable. (Pl.'s Mot. ¶ 8; Proposed Order, dated Apr. 1, 2025, Dkt. No. 10-2, at 2; Pl.'s Mem. at 5.) See Hashimi, 2024 WL 1006833, at *5 (declining to order defendants to remove any violative architectural barriers within ninety days on a default judgment motion).

   "The often-used method in this district for awarding injunctive relief in ADA cases is to require defendants to submit a compliance plan within a prescribed period of time." Pierre, 2025 WL 2371077, at *7 (quoting Taylor v. 312 Grand St. LLC, No. 15 CV 5410, 2016 WL 1122027, at *4 (E.D.N.Y. Mar. 22, 2016)); see also 42 U.S.C. § 12188(a)(2) ("[I]njunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities."). Having considered "the nature of the violations . . . and relief required to afford redress" and given "the common practice in this [d]istrict for awarding injunctive relief in ADA cases," I respectfully recommend the issuance of an injunction requiring defendant to prepare architectural plans remedying the ADAAG violations described in the complaint and to provide plaintiff's counsel with those plans for review within ninety days of any order adopting this report and recommendation. See Dunston, 2022 WL 994502, at *6 (collecting cases). I further recommend that the injunction require plaintiff to consent to or seek further relief from the court regarding those plans within thirty days of receipt; and defendant to complete the necessary alterations within sixty days after plaintiff consents to the alterations or an order is granted on plaintiff's request for further relief. Id.

B.    <u>Attorney's Fees</u>

Plaintiff requests 180 days after the entry of a default judgment to submit a motion for attorney's fees and costs.  (Pl.'s Mem. at 8–9.)  In an action to recover damages under the ADA, "the court . . . in its discretion, may allow the prevailing party . . . a reasonable attorney's fee, including litigation expenses, and costs."  42 U.S.C. § 12205.  "The request to submit a motion for attorneys' fees and costs six months after entry of a default judgment is reasonable here, as courts in this district prefer to evaluate such motions after the attorney can 'demonstrate reasonable efforts to enforce the injunction.'"  <u>Hashimi</u>, 2024 WL 1006833, at *6 (quoting <u>Adams</u>, 2023 WL 5279355, at *5; <u>Dunston</u>, 2022 WL 994502, at *6).  Accordingly, I respectfully recommend that plaintiff be granted 180 days after the entry of a default judgment to seek attorney's fees and costs, if this Report and Recommendation is adopted.  <u>Id.</u>

CONCLUSION

For the reasons set forth above, I respectfully recommend that plaintiff's motion for default judgment be granted in part and denied in part as follows: (1) defendant be found liable under the ADA; (2) an injunction issue (a) requiring defendant to prepare architectural plans remedying the violations described in the complaint and to provide plaintiff's counsel with those plans for review within ninety (90) days of any order adopting this Report and Recommendation; (b) permitting plaintiff to seek further relief from the court within thirty (30) days upon receipt of the plans; and (c) permitting defendant to complete the necessary alterations within sixty (60) days after either plaintiff consents to the alterations or a ruling by the court that the plans are adequate, whichever occurs first; and (3) plaintiff be granted 180 days after the entry of a default judgment to move for attorney's fees and costs.

Plaintiff is directed to serve a copy of this Report and Recommendation on defendant and file proof of service on the docket within ten (10) days.  Any objections to this Report and Recommendation must be filed within fourteen (14) days.  Any requests for an extension of time for filing objections must be directed to Judge Vitaliano.  Failure to file objections within the specified time waives the right to judicial review.  28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72, 6(a), 6(d).

Respectfully submitted,

_Robert M. Levy_
ROBERT M. LEVY
United States Magistrate Judge

Dated: Brooklyn, New York
        October 21, 2025